﻿Citation Nr: AXXXXXXXX
Decision Date: 12/06/18 Archive Date: 12/06/18

DOCKET NO. 180928-496
DATE: December 6, 2018
ORDER
Severance of service connection for schizophrenia, latent type, in an inadequate personality (schizophrenia), was improper. 
FINDING OF FACT
The evidence of record does not establish that the award of service connection for schizophrenia was clearly and unmistakably erroneous. 
CONCLUSION OF LAW
Severance of service connection for schizophrenia was improper. 38 U.S.C. §§ 1110, 1154(b), 5109 (2012); 38 C.F.R. §§ 3.105 (d), 3.303, 3.304(d) (2017). 
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty in the United States Army from October 1970 to April 1972.
1. Severance
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: ‘(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service’ – the so-called “nexus” requirement.” Holton v. Shineski, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).
Once service connection has been granted, it will be severed only where evidence establishes that the grant of service connection was clearly and unmistakably erroneous (the burden of proof being on the Government). See 38 C.F.R. § 3.105 (d) (2017); see also Stallworth v. Nicholson, 20 Vet. App. 482 (2006); Daniels v. Gober, 10 Vet. App. 474 (1997). Severance of service connection based on any standard less than that set forth in 38 C.F.R. 3.105 (d) is erroneous as a matter of law. Stallworth, 20 Vet. App. at 488; Graves v. Brown, 6 Vet. App. 166, 170 (1994).

Clear and unmistakable error is a very specific and rare kind of error. It is the kind of error in fact or law that, when called to the attention of later reviewers, compels the conclusion, to which reasonable minds could not differ, that the result would manifestly have been different but for the error. Generally, the correct facts, as they were known at the time, were not before the RO, or the statutory and regulatory provisions extant at the time were incorrectly applied. Even when the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be ipso facto clear and unmistakable. See Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993) (citing Russell v. Principi, 3 Vet. App. 310, 313 (1992)). To warrant revision of a decision on the grounds of clear and unmistakable error in a severance of service connection case, there must have been an error in the adjudication of the appeal that, had it not been made, would have manifestly changed the outcome, i.e., whether, based on the current evidence of record, a grant of service connection would be clearly and unmistakably erroneous. Stallworth, 20 Vet. App. 482.

When VA seeks to sever service connection, the provisions of 38 C.F.R. § 3.105 (d) impose the same burden of proof that is placed on a claimant who, pursuant to 38 C.F.R. § 3.105 (a), seeks to have an unfavorable decision overturned, except that in making the determination of whether severance of service connection is proper, the review of the record is not limited to evidence that was before the RO at the time the original adjudication was made. 38 C.F.R. § 3.105 (d); Baughmann v. Derwinski, 1 Vet. App. 563, 566 (1991); Stallworth, 20 Vet. App. at 488.
In January 1973 the Veteran was granted service connection for schizophrenia, latent type, in an inadequate personality which was rated as 30 percent disabling. In March 1974, the Veteran’s rating was amended to schizophrenia, undifferentiated type and he received an increase rating to 50 percent. 
In June 1978, the Regional Office (RO) proposed to sever service connection for schizophrenia. The RO determined that, due to clear and unmistakable error, service connection was mistakenly granted for schizophrenia. The RO cited the opinion of Dr. W.F. dated June 1978, who opined that the Veteran had a personality disorder, which later matured into a psychotic reaction. The RO concluded there was clear and unmistakable error warranting severance based on Dr. W.F.’s opinion that the Veteran had a personality disorder that was not aggravated in-service or resulted in psychotic reaction within one year after separation from service.
The Veteran contends that the severance of his rating for schizophrenia was clear and unmistakable error. The Board notes that the agency of original jurisdiction (AOJ) in a rating decision dated May 2018, established that the Veteran’s service treatment records document a complaint of nervousness on his separation examination dated April 14, 1972. 
In this case, the basis of the severance was the opinion of Dr. W.F., who opined that the Veteran had a personality disorder that matured into a schizophrenic reaction “since 1974”; thus, establishing maturation over a year after separation from service. According to 38 C.F.R. § 3.105 (d), a change in medical diagnosis may serve as a basis for severance, if the examining physician or physicians or other proper medical authority certifies that, in the light of all accumulated evidence, the diagnosis on which service connection was predicated is “clearly erroneous.” Id. This certification must be accompanied by a summary of the facts, findings, and reasons supporting the conclusion. Id.
The Board finds that Dr. W.F.’s opinion does not establish that, in light of all accumulated evidence, the diagnosis of schizophrenia was “clearly erroneous.” Dr. W.F. stated that there is “no evidence of any mental disturbance during active service in the Army”; however, the service treatment records, as noted by the AOJ in the May 2018 rating decision, clearly establish that the Veteran complained of “nervousness” at his separation examination. See VA Memo January 1978. Therefore, the opinion of Dr. W.F. is based on an inaccurate factual background as Dr. W.F. failed to consider the service treatment records noting nervousness. A medial opinion based on an inaccurate factual background has no probative value. 
Furthermore, Dr. W.F. does not provide a summary of facts, findings and reasons, explaining the conclusions discussed above. Dr. W.F. referenced the Veteran’s VA examinations and recorded the diagnoses from each examination, to include a prior examination by Dr. W.F. diagnosing schizophrenia, undifferentiated type, with paranoid features. Dr W.F. noted that the Veteran experienced difficulties readjusting to civilian life and expressed frustration, irritability, depression, and hostility to others and concluded that the Veteran’s responses to demands in social, intellectual, and emotional spheres warranted a diagnosis of inadequate personality that developed into schizophrenia after 1974. Dr. W.F.’s opinion failed to provide a summary of facts, findings, and reasons that explained the disagreement between the June 1978 diagnosis of a personality disorder that matured into schizophrenia approximately two years after service and the Veteran’s original diagnosis of schizophrenia in 1972. 
The burden is on the government to show that the evidence establishes that the grant of service connection was clearly and unmistakably erroneous, meaning that it must be undebatable that the Veteran did not meet the criteria for an award of service connection for schizophrenia. 38 C.F.R. § 3.105 (d). For the reasons discussed above, the Board finds that the evidence of record does not establish that service connection for schizophrenia was clearly and mistakably erroneous. As such, the severance of the award of service connection for schizophrenia was improper. The appeal is granted. 
 
G. A. WASIK
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD S. A. Prinsen, Associate Counsel